[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Gent Uniform Rental Corporation, brought this action against the defendant, Scott E. Jordan, d/b/a Greenwich Honda, for breach of a rental agreement ("Agreement") in which the defendant agreed to rent uniforms exclusively from the plaintiff during the term of the Agreement. The Agreement, as amended, carried a term of July 25, 1996 to July 25, 2000. CT Page 10321
The case was referred to a fact-finder pursuant to Practice Book §23-53, before whom the central issue was the interpretation and application of the following clause in the Agreement:
 "The rental of uniforms shall be for a period of [48]
months, provided however, that at any time after the initial fourteen (14) months, and upon the basis of documented complaints from LESSEE, as to any failure of service and/or delivery, the LESSEE can elect to terminate this agreement after sixty (60) days from date of said written election, and upon the full return of all uniforms and the full payment of all sums due and owing, inclusive of reimbursement as herein before set forth in "3.", this agreement shall be deemed cancelled without further claim from either to the other."
The following facts were included among the fact-finder's Findings of Fact. The Agreement provided that the plaintiff would deliver clean uniforms weekly to the defendant, and would pick up and wash used uniforms and return them the next week. The defendant would rent uniforms exclusively from the plaintiff and would be charged a weekly amount for the service. The Agreement, between merchants in business, provided that it could be terminated by the defendant after fourteen months from its inception provided there were documented complaints from the defendant as to the plaintiffs service and delivery, a sixty day written notice of the election to terminate was given, all uniforms were returned to the plaintiff, and full payment was made of all sums due and owing. The defendant in fact made complaints about the plaintiffs service, and on October 26, 1998, more than fourteen months after the inception of the Agreement, sent a letter to the plaintiff stating that as of December 1, 1998 the defendant would no longer require the plaintiff to provide uniforms. No uniforms were delivered after December 1, 1998 but the plaintiff continued to pick up uniforms which were to be returned until December 29, 1998. As of December 31, 1998 the defendant had not returned all the uniforms. The defendant paid all the invoices for weeks prior to December 1, 1998, and was not billed for services for any weeks after December 1, 1998. In its statement of amounts due, the plaintiff lists December 31, 1998 as the cancellation date of the Agreement. On January 13, 1999 the defendant sent three boxes containing clothes to the plaintiff, which were not opened by the plaintiff.
The fact-finder concluded that the contact language is unambiguous and its intent clear, and thus its scope and meaning is a question of law. She found that the defendant breached the contact because he did not give CT Page 10322 sixty days notice of termination as required by the Agreement. The fact-finder further concluded that the defendant was also in breach of contract for not returning all the uniforms to the plaintiff and not making payment for the unreturned uniforms as required in the Agreement. The fact-finder found from the evidence that the sum of $3,865.85 was due to the plaintiff for these unreturned uniforms, and found interest on that sum in the amount of $497.78.
Concerning the defendant's breach of contract by failing to give the required notice, the fact-finder applied the liquidated damages clause contained in the contract, which clause was specifically found to be reasonable, and recommended awarding the sum of $4,329.45. Attorney's fees in the amount of $1,834.18 were also recommended, for a total recommended judgment of $10,527.58 in favor of the plaintiff. The fact-finder also found that judgment should enter on the counterclaim in favor of the plaintiff.
The defendant filed an objection to the fact-finder's report stating two basic grounds. The first is that the fact-finder erred in finding that the defendant breached the Agreement by not giving sixty days notice of termination. The second is that the fact-finder erred in finding that the defendant was in breach of contact for not returning all of the uniforms and not making payment for them.
"This court's scope of review of a [fact-finder's] report was reiterated by the Supreme Court in Elgar v. Elgar, 238 Conn. 839,848-49, 679 A.2d 937 (1996). The court held in that case that: `[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the finding of . . . [fact-finders]. See Practice Book § 443 [currently § 19-17]. . . . The factual findings of a [fact-finder] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . ." (Citations omitted; internal quotation marks omitted.). See also TDS Painting Restoration,Inc. v. Copper Beech Farm, Inc., 45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908, 701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.")
"Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court has two CT Page 10323 tasks to perform in reviewing a [fact-finder's] report. The first task is to determine whether the "[fact-finder's] findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id.Guice v. Milk Cookies, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV99 0169843 (August 9, 2000,Lewis, J.).
Taking the second issue first, that the fact-finder erred in finding that the defendant was in breach of contract for not returning all of the uniforms and not making payment for them, the defendant attacks the fact-finder's factual findings as not being supported by the record. The fact-finder found insufficient evidence of the contents of the boxes of clothes that the defendant claimed to have returned to the plaintiff. The defendant provided no transcript of the record and therefore it is "impossible for the court to ascertain whether there is support in the record for the [fact-finder's] findings of fact." Meadows v. Higgins,249 Conn. 155, 170, 733 A.2d 172 (1999). Therefore, the factual findings must stand uncorrected. "The factual findings of a [fact-finder] on any issue are reversible only if they are clearly erroneous . . . a finding of fact is clearly erroneous when there is no evidence in the record to support it. . . ." Elgar v. Elgar, supra, 238 Conn. 849. The court here has no basis, without a transcript of the record, to determine that there was no evidence to support the conclusions of fact found. The conclusions of the fact-finder must stand, and the recommendation for an award in favor of the plaintiff in the amount of $3,865,85, plus interest of $497.78 for the unreturned, unpaid for uniforms is accepted.
With respect to the first issue, that of lack of a sixty day notice of termination, the defendant does not attack the fact-finder's Findings of Fact, but rather attacks the legal conclusions drawn from those findings. Thus, in respect to this issue, it is the court's duty to determine whether the conclusions drawn were legally and logically correct. The court concludes that they are not.
The court agrees with the fact-finder's conclusion that the contract language is "unambiguous and the intent of the contract is clear", and therefore its interpretation is a question of law. When the interpretation of a contract requires a search for the intent of the contracting parties it becomes a question of fact for the trier of fact. On the other hand, when the language of the contract is unambiguous and contains definitive contract language, particularly when the contract is commercial in nature and involves an agreement between sophisticated commercial parties with relatively equal bargaining power, the interpretation of a contract is a question of law. (Citations omitted, internal quotation marks omitted). Guice v. Milk Cookies, Inc., CT Page 10324 Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV99 0169843 (August 9, 2000, Lewis, J.) (Citing Tallmadge Bros.,Inc., v. Iroquois Gas Transmission System L.P., 252 Conn. 479,746 A.2d 1277 (2000)). The Agreement provides that the lessee (the defendant here) "can elect to terminate this Agreement after sixty (60) days from date of said written election . . . ". The defendant made this election in a writing dated October 26, 1998 in which he advised the plaintiff that his company would no longer require the plaintiffs services after December 1, 1998. The Agreement does not require the defendant to specify that date on which he intends the termination to be effective. The meaning of the Agreement is that after the election is noticed, the termination of the contract occurs sixty days later. of course, the defendant could have specified a later date of termination after the sixty days, but not an earlier one. Any other interpretation would have required the defendant to choose the precise date, sixty days after his notice, at his peril or suffer exposure to a claim for damages for the entire balance of the contract term. The Agreement does not state that, and the language used does not lend itself to such interpretation.
The court finds that the defendant breached the contract by failing to provide the requisite notice of termination.[1] However, the fact-finder's recommendation for judgment cannot be followed because an incorrect measure of damages was used. The fact-finder recommended an award of liquidated damages based upon the number of weeks remaining in the entire term of the contract, after December 31, 1998, a date chosen by the plaintiff as the cancellation date of the contract. The measure of contract damages is the sum required to place the plaintiff in the same position he would have been in had the contract been fully performed.Barry v. Posi-Seal International, Inc., 36 Conn. App. 1, 27, 647 A.2d 1031
(1994). The defendant here was not required to terminate the contract. He had the option to do so, and the breach was created not by his termination of the contract but because he failed to give the proper notice of his election to do so. The plaintiffs damages are measured by what he would have been entitled to if the proper notice had been given. In this case, the measure is the amount of damages incurred for the sixty day period after October 26, 1998, the date of the notice of election. Since the fact-finder found that all of the invoices for services for the weeks prior to December 1, 1998 had been paid, the plaintiff is entitled to liquidated damages only for the period from December 1, 1998 through the expiration of sixty days after October 26, 1998.
In summary, the court accepts the report of the fact-finder with respect to the recommendation of judgment for the plaintiff in the amount of $3,865.85 (for unreturned uniforms) $497.78 (interest) and $1,834.50 (attorney's fees). The court rejects the fact-finder's recommendation of judgment in the amount of $4,329.45 (liquidated damages) and remands to CT Page 10325 the fact-finder for a determination of liquidated damages for the period from December 1, 1998 through the expiration of sixty days after October 26, 1998.
Judgment is entered on the counterclaim in favor of the plaintiff in accordance with the fact-finder's report.
So Ordered.
D'ANDREA, J.